## ZUBLIN v. PICKIN.
### Patent Appeal No. 3236.

Court of Customs and Patent Appeals.
May 21, 1934.

Ford W. Harris, of Los Angeles, Cal., and Bacon & Thomas and Charles M. Thomas, all of Washington, D. C., for appellant.

I. R. Paris, of Washington, D. C., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

This is an interference proceeding in which the Board of Appeals of the United States Patent Office, in the decision here appealed from, affirmed the decision of the Examiner of Interferences awarding priority to the senior party, Pickin, upon four counts which relate to a method of manufacturing tools used in the drilling of wells. Count 4 seems to be typical:

"Count 4. A process of manufacturing rotary well tools used for the purpose of drilling wells, which consists in placing pieces of abrasives on the cutting portion of the tool, and then building up the cutting edge of the tool by surrounding said pieces of abrasives with added welded on steel, so that the welded steel and the abrasives are together worn away as the drilling progresses."

At the hearing before us the case for appellant was submitted upon an elaborate brief, without oral argument. The primary contention on his behalf is that there is no interference in fact and that same should have been dissolved without an award of priority, but it is urged that, if there be interference in fact, Zublin is the prior inventor and entitled to the award. It is argued that Zublin's application does not support the claims; that Pickin's application, as originally filed, does not support them, and that Pickin's bit is inoperative and of no utility.

Each of these questions is fully discussed by the Examiner of Interferences. Zublin, in fact, presented two motions to dissolve. The first was based upon the ground that the counts were not supported by the applications of either party. This was denied by the Examiner of Interferences in a concise, but sufficiently elaborate, opinion. Zublin later presented a second motion to dissolve, alleging inoperativeness of Pickin's device. This second motion was disposed of in the final decision of the Examiner of Interferences, being dismissed as "belated," but with some discussion of the merits. In this final decision the Examiner of Interferences again discussed the original motion to dissolve, to a limited extent, and adhered to his original conclusion.

The Board of Appeals says that Zublin's brief before it stated that "he will not particularly urge that he is the first inventor." Consequently, the board accepted, without discussing that issue, the decision of the Examiner of Interferences holding that Zublin had no conception of the invention until a time subsequent to the filing of Pickin's application, and devoted its opinion to a discussion of the grounds of the motions to dissolve. Upon the issues involved in these motions, the discussion by the board, like that of the Examiner of Interferences, is quite clear and complete.

Before us the brief for Zublin does insist that he was the first inventor, and calls upon us to review the record upon this point.

The record is a voluminous one, comprising some 650 printed pages, and containing much testimony, of which a considerable part is in the nature of expert opinions. In the final analysis, however, the issue revolves principally about the matter of the "pieces of abrasives" and their positioning upon, or as a part of, the bit.

It will be observed from a reading of the typical count above quoted that the subject-matter is a process, or method, of manufacturing bits for well drilling, by the described plan of welding pieces of abrasives on the cutting portion of the tool and surrounding these abrasives with added welded steel, so that, during the drilling process, the abrasives and steel are together worn away.

We really see no occasion for any elaborate discussion by us of the issue relating to the applications supporting the count. As has been already indicated, the tribunals of the Patent Office have concisely and specifically discussed it. What we might say upon the matter would be nothing more than a repetition or paraphrase of what was said by them. It is a question of fact which has been determined against appellant in three concurring decisions. We have repeatedly stated, in substance, that unless material error is shown, findings of fact as to which the tribunals of the Patent Office concur will not be disturbed by us. Clancy v. DeJahn, 36 F.

734

(2d) 131, 17 C. C. P. A. 714, and cases therein cited.

What is immediately said above applies with equal force to the question of the alleged inoperativeness of the Pickin device.

As to the dates of conception and reduction to practice, we find nothing in the record which would justify a reversal of the decision appealed from. As has been stated, the Board of Appeals merely affirmed the findings of the Examiner of Interferences upon this issue without discussing it, because Zublin did not, before it, particularly urge that he was the first inventor.

The rule relating to conception, as stated by Robinson on Patents, page 533, paragraph 378, is quoted in the opinion of the Examiner as follows:

"This idea (conception) must, in the second place, include every essential attribute of the complete and practical invention. If anything remains to be completed or devised in order to enable the instrument or art to perform its functions in the manner proposed by the inventor, his conception of the invention is not finished, nor has he brought into existence any true idea of means. Where the shape, size, material or location of its various parts, or the nature of arrangement of its component operations are necessary to its proper accomplishment of the purposes for which it is designed, each of these must be fully developed in and apprehended by the mind of the inventor, in a condition adapted to immediate embodiment in the concrete art or instrument."

While doubtless Zublin had an idea of his device earlier than the filing of Pickin's application in July, 1926, it seems perfectly clear to us, from the record, that the conception, requisite to meet the requirements of the law, as stated in the foregoing rule, did not occur earlier than 1927, the time found by the Examiner of Interferences. It may be added that we agree with the Examiner of Interferences also in holding that, even were Zublin granted an earlier date of conception, he failed to show requisite diligence.

The decision of the Board of Appeals is affirmed.

Affirmed.

HATFIELD, Associate Judge, did not participate.